## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

PAMELA STEWART, Plaintiff,

v. Case No: _____

MAR 23 2026 AM9:53
FILED - USDC - FLMD - TPA

THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA, Defendant.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

8:26-CV-762-JLB-AAS

### I. PARTIES

1. Plaintiff, Pamela Stewart, is a resident of Valrico, Florida, and was at all times relevant employed as an Instructional ELA VE / Case Manager at Turkey Creek Middle School (Site 4522).

2. Defendant, The School Board of Hillsborough County, Florida, is the public school district responsible for the operation and oversight of Turkey Creek Middle School and Dowdell Middle School.

### II. JURISDICTION

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.).

4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

5. Plaintiff has exhausted administrative remedies. The EEOC issued a Notice of Right to Sue dated January 14, 2026. **(Exhibit F)**

### III. STATEMENT OF FACTS

6. Plaintiff has over 16 years of successful experience in education, consistently performing her duties with "Highly Effective" evaluations.

7. On October 22, 2025, Plaintiff formally raised concerns to Principal David Parker regarding a lack of ESE support and scheduling instability.

8. Within 24 hours, on October 23, 2025, an administrative observation was conducted in the exact classroom environment Plaintiff had identified as problematic.

9. On November 4, 2025, Plaintiff's union representative formally requested the rescission of disciplinary action, noting Plaintiff had not been properly informed of the process **(Exhibit E)**.

10. On December 1, 2025, Plaintiff notified Defendant of significant health impacts and requested reasonable accommodations under the ADA **(Exhibit G)**.

11. Defendant conducted an internal investigation and generated a timeline of events concerning Plaintiff's work performance.

12. Certain entries in that timeline conflict with documented records, including:

• October 1–9, 2025: Plaintiff was attending District-approved professional development training.

• October 29, 2025: Plaintiff was on approved medical leave.

13. These discrepancies are reflected in supporting documentation attached as exhibits. Additional supporting documentation will be presented as this matter proceeds.

### IV. COUNT I – RETALIATION (Title VII and ADA)

14. Plaintiff engaged in protected activity, including reporting workplace concerns and requesting reasonable accommodations.

TPA
13942-8405.

15. Following this activity, Plaintiff was subjected to adverse employment actions, including:

• Increased scrutiny and disciplinary action;

• Placement on administrative leave;

• Involuntary transfer to a different work location;

• Reduction in compensation.

16. The transfer resulted in a significantly longer commute and a reduction in pay, as reflected in payroll records.

17. These adverse actions occurred within close temporal proximity to Plaintiff's protected activity.

18. Defendant's stated reasons for these actions were inconsistent with documented records and were used as a pretext for retaliation.

## V. DAMAGES

19. As a result of Defendant's actions, Plaintiff suffered financial harm, including:

• A reduction in pay of approximately $200–$220 per paycheck; **(Exhibit H)**

• Approximately $1,400 in additional vehicle-related expenses due to increased commuting distance;

• Ongoing financial and professional harm.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

a) Award back pay and restoration of Plaintiff's prior salary level and benefits;

b) Award compensatory damages for financial loss and emotional distress;

c) Award reasonable attorney's fees and costs pursuant to applicable law;

d) Grant any further relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March __23__, 2026

_____ **Pamela Stewart, Plaintiff Pro Se**

4702 Copper Canyon Blvd., Valrico, FL 33594